IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| ASHLEY J. BOULET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 6:13-CV-00188-JO |
| v. | ) | |
| | ) | |
| CAROLYN W.COLVIN, | ) | OPINION AND ORDER |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| _____Defendant._____ | ) | |

JONES, J.,

Plaintiff Ashley J. Boulet filed a motion for attorney fees in the amount of $10,128.40 pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412. Boulet's motion for attorney fees is DENIED.

## PRIOR PROCEEDINGS

In the underlying action, Boulet appealed the Commissioner's decision terminating her disability benefits under Titles II and XVI of the Social Security Act. In that case, this Court reversed and remanded for the limited purpose of supplementing the record. Specifically, I found that the Commissioner must obtain the comparison point decision (CPD) and medical evidence from prior proceedings, which were summarized but not made part of the record for judicial review. In the opinion, this Court rejected all of Boulet's other challenges and found there was no error in the ALJ's credibility determination, the ALJ properly evalutated the relevant medical opinions and lay witness statements, and the ALJ was not biased.

1 - OPINION AND ORDER

Boulet now requests attorney fees in the amount of $10,128.40 for 55.8 hours of attorney work on the appeal.

## LEGAL STANDARDS

Under the Equal Access to Justice Act (EAJA), courts shall grant reasonable attorneys fees to a prevailing plaintiff against the government, unless the government's position was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2414(d)(1)(A). In Social Security cases, the government bears the burden to show that their position was substantially justified at the institutional level as well as on appeal. *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991); *Meier v. Colvin*, 727 F.3d 867, 870-72 (9th Cir. 2013).

A substantially justified position is one that a reasonable person would think is correct; it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Even if the reviewing court remands for further proceedings, the government's position may be substantially justified. *See Hardisty v. Astrue*, 592 F.3d 1072, 1076-80 (9th Cir. 2010). However, it is a "decidedly unusual" case where the government is substantially justified even though the agency's decision was reversed because reasonable, substantial, and probative evidence was lacking in the record. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).

## DISCUSSION

In this "unusual" case, the Commissioner was substantially justified in defending the ALJ's findings before the district court. In *Campbell v. Astrue*, the Ninth Circuit found the government's position substantially justified where the Commissioner defended the ALJ's attempt to extrapolate the claimant's disability in June 30, 1996 by looking at medical records from 1989 and 2000. *Campbell v. Astrue*, 736 F.3d 867 (9th Cir. 2013). The court found it was

2 - OPINION AND ORDER

reasonable for the Commissioner to defend the ALJ's decision to extrapolate from medical records to make a decision about a past condition; this was an "unusual case" where attorney fees should not be awarded under the EAJA. *Campbell*, 736 F.3d at 869.

Here, the ALJ did not include the CPD and medical evidence from prior proceedings in the record. The Commissioner argued medical improvement could be reasonably inferred if the claimant was disabled at the time of the CPD and current evidence shows she is not now disabled. In addition, the basis of the CPD was evident based on summaries and references in the record. Thus, the Commissioner argued it was not necessary for the CPD and medical evidence to be entered into the record.

I remanded the case because other circuits have interpreted the regulatory scheme to require the ALJ to find medical improvement before considering whether current evidence establishes disability. However, the Commissioner's position has not been foreclosed by the Ninth Circuit and it is a reasonable and practical interpretation of the regulations. Although other circuits have ruled that evidence used to determine the initial disability must be included in the record to terminate benefits, the Ninth Circuit has not ruled on this issue. *See Veino v. Barnhart*, 312 F.3d 578, 587 (2d Cir. 2002); *Byron v. Heckler*, 742 F.2d 1232, 1236 (10th Cir. 1984). The Commissioner is generally entitled to deference when interpreting its own regulations, unless the interpretation is plainly erroneous or inconsistent with the regulation. *See e.g., Auer v. Robbins*, 519 U.S. 452, 457 (1997); *HHS v. Chater*, 163 F.3d 1129 (9th Cir. 1998). As in *Campbell v. Astrue*, it was reasonable for the government to argue that inferences could be drawn from the existing record about a prior condition. Finally, I note that Boulet's additional arguments in her appeal did not have merit, so it is unlikely she will ultimately prevail. Thus, I find the government's position was substantially justified.

3 - OPINION AND ORDER

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's request for attorney fees is DENIED.

DATED this _30_ day of July, 2014.

                                    Robert E. Jones, Senior Judge
                                    United States District Court